UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA MILLEN,

        Plaintiff,                        Case No. 2:16-cv-12230

v.                                      HONORABLE STEPHEN J. MURPHY, III

OXFORD BANK,

        Defendant.

                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR RECONSIDERATION [29] AND DISMISSING THE CASE**

On October 25, 2017, the Court granted in part and denied in part Defendant's motion for summary judgment. ECF 26. Only one claim remained: whether Defendant Oxford Bank ("the Bank") violated the ADEA by failing to consider Plaintiff Debra Millen for the vacant Addison Branch Manager position after eliminating her Goodrich Branch Manager position. *Id.* at PgID 266–67. Defendant Oxford Bank timely filed a motion for reconsideration on the remaining claim. ECF 29. A response and hearing on the motion are impermissible without a court order. E.D. Mich. LR 7.1(h)(2). For the reasons stated below, the Court will grant Defendant's motion for reconsideration.

**BACKGROUND**

The Court recited the relevant background in its previous order and incorporates that recitation here. ECF 26, PgID 256–57. The Court reiterates only the following facts: Millen served as the Goodrich Branch Manager for the Bank; Millen went on FMLA leave in July 2015; the Bank eliminated the Goodrich Branch Manager position as part of a strategic plan in September 2015; and Millen received notice of the termination of her position in October 2015. *Id.* at 257.

**STANDARD OF REVIEW**

To prevail on a motion for reconsideration, the movant must demonstrate (1) a palpable defect that misled the Court and the parties and (2) that correction of the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Id.* Only "obvious, clear, unmistakable, manifest, or plain" errors qualify as "palpable defects." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted). The Court will grant a motion for reconsideration in exceptional circumstances upon demonstration of "a significant error that changes the outcome of a ruling on a motion[.]" *Id.*

**DISCUSSION**

The Bank contends that the Court made a factual error that, if corrected, would change the outcome of the Court's previous ruling on the motion for summary judgment and avers that, at the time the Bank eliminated Millen's position, there were no available positions at the Bank for which she was qualified. ECF 29, PgID 275. The Court previously found that "[a]t the time the Bank eliminated Millen's position, the [Addison] Branch Manager position was available." ECF 26, PgID 264–65. The Court relied upon and was misled by the deposition testimony of Nancy Rosentrater, the Bank's Director of Retail Banking. During her deposition, Rosentrater testified that during the time period between May 2015 and October 2015, there was an opening for the Addison Branch Manager position, ECF 20-1, PgID 126–27, and that Millen was not considered for the position, *Id.*[1]

---

[1] Millen would not have been considered for the position because (1) at that time she was serving as the Oxford Branch Manager and (2) she never applied.

The Court erred, however, because the Bank filled the Addison Branch Manager prior to eliminating Millen's position. The Addison Branch Manager position was filled on July 6, 2015 by Jennifer Sherby. ECF 23-1, PgID 253 ("Kelly's Affidavit").[2] Rosentrater's deposition demonstrates that there was an opening at the Addison branch between May 2015 and October 2015 and Kelly's affidavit confirms the existence of the opening. The Kelly affidavit further clarifies that the Bank filled the opening in July 2015. There is no testimony on record to create any dispute about that fact. The Addison Branch Manager position, therefore, was unavailable in October 2015. And the Court's error meets the standard of a palpable defect.

Correcting the error will result in a different outcome. In workforce reduction cases, an employer that transfers younger employees whose positions are eliminated, but fails to transfer an older employee to an available position may be liable for age discrimination. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349–50 (6th Cir. 1998). But because there were no available positions at the time of the elimination of Millen's position here, she cannot make a prima facie showing. And the Defendant's motion for summary judgment should therefore have been granted in full.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for reconsideration [29] is **GRANTED**. Defendant's motion for summary judgment [26] is **GRANTED** in full.

---

[2] The referenced exhibit was previously before the Court, but not ruled upon by the Court, either expressly or by reasonable implication—so the court may consider it now.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: November 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 11, 2017, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager